# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BOFI FEDERAL BANK,<br><br>　　Plaintiff<br><br>v.<br><br>WILL MULTI SERVICES, LLC and<br>WILLIAM DUPUIS,<br><br>　　Defendants | Case No.: 2:18-cv-01071-APG-GWF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>[ECF No. 13] |

Plaintiff BofI Federal Bank ("BofI") moves for entry of a default judgment. ECF No. 13. Having considered the motion and supporting submissions, I grant the motion and find as follows:

1. On or about October 25, 2017 defendant Will Multi Services, LLC ("WMS") executed a note in favor of BofI in the principal amount of $97,300.00 (the "Note"). Contemporaneously with execution of the Note, defendant William Dupuis ("Dupuis," and together with WMS, the "Defendants") executed a personal guaranty of the obligation incurred by WMS (the "Guaranty"). Subsequently, BofI loaned WMS $97,300.00.

2. To induce BofI into making the aforementioned loan, the Defendants intentionally made a series of representations that were either materially false or subject to material omissions, including the following:

　　a. Defendants were, at one time, an H&R Block Tax Services LLC ("H&R Block") franchisee and/or owners of an H&R Block franchise;

　　b. Defendants were aware that BofI knew they were, at one time, an H&R Block franchisee and/or owners of an H&R Block franchise;

　　c. In their October 25, 2017 Note and Guaranty, Defendants specifically represented: "[WMS] is a franchisee in good standing of [H&R Block] pursuant to a written franchise agreement . . . , and shall remain so during all times that any amounts may remain outstanding under any of the Loan Documents.";

d. Defendants otherwise represented that they were still an H&R Block franchisee and/or owners of an H&R Block Franchise at the time they signed the Note and Guaranty;

e. Defendants intentionally failed to disclose that H&R Block had terminated Defendants as an H&R Block franchisee and/or owners of an H&R Block franchise months earlier, on or about June 1, 2017; and

3. The misrepresentations and omissions were intentionally made, and Defendants knew they were false at the time they were made.

4. The Defendants obtained the loan from BofI on the basis of being an H&R Block franchisee and/or owners of an H&R Block franchise. BofI would not have provided the loan to the Defendants had the misrepresentations and omissions not occurred.

5. On April 19, 2018, the Note became due and payable in full. The Defendants failed to timely pay the amounts due on the Note and Guaranty.

6. BofI commenced this case on June 14, 2018 by filing its complaint.

7. Executed returns of service demonstrate that Dupuis was served on June 25, 2018 and WMS was served on June 20, 2018.

8. On July 12, 2018, prospective counsel for the Defendants contacted BofI's counsel about an extension of time to file an answer. However, that attorney subsequently informed BofI's counsel that the Defendants decided against retaining that particular firm. No other contact was made by the Defendants (or any attorney for the Defendants), and no answer or appearance was filed by the Defendants.

9. Upon BofI's request, the Clerk of the Court entered the default of the Defendants on August 22, 2018.

10. BofI is owed the following amounts by the Defendants:

| | |
|---|---|
| Principal, Interest, and Late Fees: | $112,297.13 |
| Attorney's Fees and Costs: | $ 27,908.68 |
| Total: | $140,205.81 |

11. BofI has established that it is entitled to judgment as to Count I of its Complaint, relating to WMS's Breach of Contract, because:

    a. The Note is a valid contract between BofI and WMS;
    b. BofI complied with all of its obligations under the Note;
    c. WMS' failure and refusal to pay the amounts it owes under the Note constitutes a breach; and,
    d. BofI was damaged as a result of WMS's breach.

12. BofI has established that it is entitled to judgment as to Count II of its Complaint, relating to Dupuis's Breach of Contract, because:

    a. The Guaranty is a valid contract between BofI and Dupuis;
    b. BofI complied with all of its obligations under the Guaranty;
    c. Dupuis's failure and refusal to pay the amounts he owes under the Guaranty constitutes a breach; and
    d. BofI was damaged as a result of Dupuis's breach.

13. BofI has established that it is entitled to judgment as to Count III of its Complaint, relating to the Defendants' Fraud and Fraudulent Inducement, because:

    a. Defendants made a series of false representations, as discussed in paragraph 2 above;
    b. Defendants knew their representations were false, or they had insufficient knowledge to make those representations;
    c. Defendants made the representations with the intention of inducing BofI to loan them money;
    d. BofI reasonably relied on the Defendants' false representations and would not have loaned the Defendants money had it known that the representations were false; and
    e. BofI was damaged as a result of its reliance on the Defendants' false representations.

14. The debt owed to BofI was procured by the Defendants' fraud and through the Defendants' fraudulent inducement of BofI to lend money to the Defendants.

15. As a result, BofI is entitled to judgment in the amount of $140,205.81, plus all interest that continues to accrue, attorneys' fees, costs, and expenses payable in accordance with the Note, Guaranty, and applicable law.

IT IS THEREFORE ORDERED that BofI's motion for entry of default judgment **(ECF No. 13) is GRANTED**. Plaintiff BofI Federal Bank is awarded $140,205.81 against defendants Will Multi Services, LLC and William Dupuis, jointly and severally, on all counts. BofI is also entitled to recover interest accruing after September 19, 2018, taxable costs, and attorneys' fees as allowed under the Note, Personal Guaranty, and applicable law.

The clerk of court is directed to enter judgment accordingly.

DATED this 30th day of October, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE